UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARLA GOGGINS,

    Plaintiff,

v.    CASE NO. 3:10-cv-00826-J-20JBT

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion for Order to Show Cause, Motion to Compel Plaintiff to Submit to Rule 35 Examination and Motion for Sanctions with Supporting Memorandum of Law ("the Motion") (Doc. 13). Plaintiff has filed a memorandum in opposition to the Motion. (Doc. 19.) For the reasons stated herein, the Motion is due to be **GRANTED in part** and **DENIED in part**.

### I.    Background

In its Order of March 11, 2011, the Court granted Defendant's unopposed motion for a physical examination. (Doc. 11.) The Court ordered Plaintiff to appear for a physical examination by Dr. Michael Scharf "at a convenient time and date to be agreed upon by the parties, at 1325 San Marco Boulevard South, Suite 220, Jacksonville, Florida 32207, and the scope of said examination shall be limited as stated in the Motion."[1] (*Id.*) The parties scheduled the examination to take place on April 6, 2011,

---

[1] In regard to the scope of the examination, the motion stated that "Dr. Scharf will be performing a general comprehensive orthopedic examination during which he will review prior medical records, take Plaintiff's medical history and then perform a non-surgical, routine and generally accepted physical examination to determine the extent and nature of plaintiff's alleged physical injuries." (Doc. 10.)

at 1:00 p.m. (Docs. 13, 19, & 19-1.)

As gleaned from the parties' filings, Plaintiff arrived on time at Dr. Scharf's office for the scheduled examination. (Doc. 19-1.) Plaintiff's attorney was with her. (Doc. 13-1.) However, while Plaintiff was at Dr. Scharf's office for the examination, disputes arose regarding whether Plaintiff's attorney could be present for the physical examination and whether Plaintiff was required to complete Dr. Scharf's medical history questionnaire. (Docs. 13, 13-1, 19, & 19-1.) Plaintiff ultimately left Dr. Scharf's office without him having performed the physical examination, because Dr. Scharf would not conduct the examination while Plaintiff's attorney was present, and Plaintiff's attorney would not leave the examination room. (Docs. 13, 13-1, 19, & 19-1.) Plaintiff also did not complete the medical history questionnaire presented to her by Dr. Scharf's staff. (Docs. 13, 13-1, 19, & 19-1.) As a result, Defendant filed the present Motion.

In the Motion, Defendant seeks an order:

> (1) for Plaintiff, Carla Goggins, to show cause as to why she failed to submit to the ordered Rule 35 physical examination by Michael Scharf, M.D. that was scheduled April 6, 2011; (2) compelling the Plaintiff . . . to submit to the Rule 35 physical examination by Dr. Michael Scharf, without the presence of any third party observer, including her attorney; and to complete medical history questionnaires, if any, given by Dr. Scharf[;] (3) granting a stay in the proceedings, or an extension in discovery deadlines for Defendant, until Plaintiff submits to a Rule 35 examination; (4) granting sanctions against Plaintiff . . .and/or her attorney to pay reasonable attorneys' fees and costs incurred as a result of Plaintiff's failure to comply with the Court's discovery order; and any other sanctions this Court deems appropriate.

(*Id.* at 1-2.) The Court will address each of the issues presented in turn.

II.   **Analysis**

2

### A. Plaintiff's Attorney May Attend the Rule 35 Physical Examination

Rule 35 of the Federal Rules of Civil Procedure, which governs physical and mental examinations in federal court, is silent on who may attend a compulsory medical examination. *See* FED. R. CIV. P. 35. Accordingly, the issue is within the Court's discretion, and the Court can look to state law for guidance. *Gensbauer v. May Dep't Stores Co.*, 184 F.R.D. 552, 553 (E.D. Penn. 1999) ("In a diversity case such as this one, where the federal rule is silent on the issue of attorney presence, I look to Pennsylvania rules for guidance."); *Vreeland v. Ethan Allen, Inc.*, 151 F.R.D. 551, 551 (S.D.N.Y. 1993) ("[Rule 35] is totally silent on the issue of whether the attorney has the *right* to be present. Even if the attorney does not have the right, a judicial officer in his or her discretion may allow it in the interests of justice.").

Under Florida law, "[t]he burden of proof to show why the examinee's entitlement to the presence of a third party should be denied . . . lies with the party opposing the third party's attendance. . . . Absent a valid reason for denial, the examinee's request should be upheld." *Toucet v. Big Bend Moving & Storage, Inc.*, 581 So. 2d 952, 953 (Fla. Dist. Ct. App. 1991) (quoting *Collins v. Skinner*, 576 So. 2d 1377, 1377-78 (Fla. Dist. Ct. App. 1991)). Thus, the general rule in Florida is that an attorney can be present for a physical examination, and the burden is on the party seeking to exclude the attorney to show why the attorney should not be present. The Court finds the

Florida rule, and its underlying rationale, persuasive.[2]

The Court recognizes the contrary rulings in this district that have placed a burden to show good cause on the party seeking to have any third party, including an attorney, present. *See Tomlinson v. Landers*, No. 3:07-cv-1180-J-TEM, 2009 WL 2496531, at *1 (M.D. Fla. Aug. 12, 2009) (denying the plaintiff's motion to permit a videographer, court reporter, or both, to attend his Rule 35 physical examination); *Gibson v. Walgreen Co.*, No. 6:07-cv-1053-Orl-28KRS, 2008 WL 746845, at *2-3 (M.D. Fla. Mar. 18, 2008) (finding that the plaintiff failed to establish good cause for her attorney to attend the Rule 35 examination); *Schlunt v. Verizon Directories Sales-West, Inc.*, No. 3:05-cv-666-J-25MCR, 2006 WL 1643727, at *4 (M.D. Fla. June 12, 2006) (denying the plaintiff's request that her attorney and/or a court reporter be permitted to attend the Rule 35 examination); *see also Tarte v. United States*, 249 F.R.D. 856, 858 (S.D. Fla. 2008). However, the Court declines to follow these rulings in this case.

The Court also recognizes the rulings in this district that have allowed the presence of third parties at Rule 35 examinations. *See Tracey P. v. Sarasota Cnty.*, No. 8:05-CV-927-T-27EAJ, 2006 WL 1678908, at *4 (M.D. Fla. June 16, 2006) (denying the plaintiffs' request to have their counsel, physician, or other representative present, but allowing the presence of a court reporter); *Morton v. Haskell Co.*, No. 94-976-CIV-J-20, 1995 WL 819182, at *3 (M.D. Fla. Sept. 12, 1995) (granting the plaintiff's request

---

[2] The Court is following Florida state law on this issue because the Court finds it persuasive. Thus, there is no need for the Court to decide whether it is *required* to apply state law, pursuant to *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

to have one of his treating doctors present); *Bennett v. White Labs., Inc.*, 841 F. Supp. 1155, 1159 (M.D. Fla. 1993) (allowing the plaintiff's physician to be present).

In this case, Defendant does not offer any policy arguments why the Court should not adopt the Florida approach. Nor has Defendant provided any explanation why Plaintiff's attorney should not be allowed to be present for the physical examination other than Dr. Scharf's apparent policy not to allow it.

In general, the Court views examinations pursuant to Federal Rule 35 as inextricably intertwined with the adversarial process. In this regard, the Court finds the Florida state courts' reasoning persuasive. In regard to Rule 1.360 of the Florida Rules of Civil Procedure—the Florida parallel to Federal Rule 35[3]—the Florida courts have recognized the adversarial nature of independent medical examinations. For example, in *Toucet v. Big Bend Moving & Storage, Inc.*, the Florida District Court of Appeal articulated one rationale for permitting an attorney's presence:

> The possible adversary status of the examining doctor for the defense is, under ordinary circumstances, a compelling reason to permit plaintiff's counsel to be present to guarantee, for example, that the doctor does not interrogate the plaintiff on liability questions in order to seek damaging admissions.

581 So. 2d at 954 (quoting *Bartell v. McCarrick*, 498 So. 2d 1378, 1380 (Fla. Dist. Ct. App. 1986)); *see also Cimino v. U.S. Sec. Ins. Co.*, 715 So. 2d 1092, 1093 (Fla. Dist. Ct. App. 1998) (quoting the same language), *aff'd* 754 So. 2d 697 (Fla. 2000).

Even if the examiner does not intentionally set out to be an advocate for the party

---

[3] It bears noting that Florida Rule 1.360 is also silent on the issue of who may attend a physical examination.

who is paying him, any bias may manifest itself in more subtle ways that may be perceived by an attorney, but perhaps not by a lay person. Although the extent to which an examination is not neutral will depend largely on the examiner, the examination is but a discovery/trial preparation tool that is part and parcel of the overall adversarial process.

Some federal courts have expressed similar concerns over the adversarial nature of independent medical examinations. *See, e.g.*, *Gensbauer*, 184 F.R.D. at 553 ("Although, in theory, an I.M.E. is to be scientific rather than adversarial, experience suggests that it is often the latter."); *Zabkowicz v. West Bend Co.*, 585 F. Supp. 635, 636 (E.D. Wisc. 1984) ("The defendants' expert is being engaged to advance the interests of the defendants; clearly, the doctor cannot be considered a neutral in the case."). In accord with this authority, the Court concludes that, in this case, it is appropriate for counsel to be present for the Rule 35 examination, as no valid reason to exclude her has been given.

Finally, the Court notes that implicit in this authorization for Plaintiff's attorney to be present for the Rule 35 examination is the requirement "that the attorney behave in an orderly fashion and not meddle or attempt in any way to direct or control the examination." *Vreeland*, 151 F.R.D. at 551.

### B.     Plaintiff Must Complete Any Reasonable Paperwork

In her response in opposition to the Motion (Doc. 19), Plaintiff does not cite any case law in support of her argument that she is not required to complete medical questionnaires and answer questions regarding her medical history. Citing *Cartrette*

6

*v. T & J Transport, Inc.*, No. 3:10-cv-277-J-25MCR, 2011 WL 652860 (M.D. Fla. Feb. 14, 2011), Defendant argues that Plaintiff must complete such paperwork and answer questions regarding her medical history as part of the "routine procedures" of a medical examination. (Doc. 13.) The Court agrees with the ruling in *Cartrette*, and finds that Defendant's examiner should, within reason, be able to inquire both orally and in writing into Plaintiff's medical history as part of his examination. Thus, Plaintiff must complete all reasonable paperwork and answer all reasonable questions about her medical history in the context of her Rule 35 examination.

### C. Sanctions

In the Motion, Defendant seeks its reasonable attorneys' fees and costs incurred as a result of Plaintiff's failure to comply with the Court's Order of March 11, 2011. (Doc. 13.) Defendant's only alleged expense, other than attorneys' fees, is the $400 cancellation/no-show fee charged by Dr. Scharf. (*Id.*) In regard to a party who disobeys a court's discovery order(s), Federal Rule 37(b)(2)(C) provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

Based on the circumstances presented here, the Court does not view Plaintiff's actions as noncompliance with the Court's order. Rather, the Court views Plaintiff's attendance at Dr. Scharf's office, at the time agreed upon by the parties, as substantial good-faith compliance with the Court's Order of March 11, 2011. Thus, with the

exception of the cancellation/no-show fee charged by Dr. Scharf, the Court finds the awarding of expenses unjust. However, given the status of the law in this district regarding who may attend a Rule 35 examination, Plaintiff had the greater responsibility to raise this issue in advance of the examination. Thus, Plaintiff will be required to pay the entire cancellation/no-show fee.

### D. Deadlines

In regard to Defendant's request to stay the case or extend the case management deadlines, Defendant did not provide the Court with any proposed deadlines. Accordingly, this request will be denied without prejudice to filing an appropriate motion, after consulting with opposing counsel, in regard to revised deadlines for expert disclosure, discovery, if necessary, and any other matters.

Upon due consideration, it is **ORDERED**:

1. The Motion (**Doc. 13**) is **GRANTED in part** and **DENIED in part**.

2. Plaintiff's counsel may attend the Rule 35 physical examination.

3. Plaintiff must complete all reasonable paperwork and answer all reasonable questions about her medical history in the context of her Rule 35 examination.

4. The parties will bear their own attorneys' fees and costs, except that Plaintiff will pay the entire $400 cancellation/no-show fee. **On or before June 2, 2011**, Plaintiff shall pay Dr. Scharf directly for this fee, or reimburse Defendant if applicable.

5. Defendant's request to stay the case or extend the case management deadlines is **DENIED without prejudice**.

**DONE AND ORDERED** at Jacksonville, Florida, on May 3, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge


Copies to:   Counsel of Record